Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 1 of 22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CRICKET VALLEY ENERGY CENTER, LLC,

Plaintiff,

v.

FACTORY MUTUAL INSURANCE COMPANY,

Defendant.

Civil Action No.: 7:25-cv-10101-KMK

**STIPULATION AND PROTECTIVE ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the undersigned parties (the "Parties"), subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of all documents, materials, information, and other products of discovery, including, but not limited to, deposition testimony, deposition exhibits, interrogatory answers, responses to requests for admission, responses to requests for production, and any other discovery authorized by the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as any other disclosed documents, materials, or information (collectively, "Discovery Material") produced by any party or non-party ("Producing Party") through formal or informal means in the above-captioned action (the "Action"). In accordance with the Parties' stipulation and for good cause shown, it is HEREBY ORDERED:

1. <u>Safeguarding Discovery Material</u>. Any person subject to this Stipulation and Order who receives from any other person (the "Receiving Party") any information of any kind provided in the course of discovery in this action ("Discovery Material") must take reasonably sufficient steps to prevent its unauthorized access, use or disclosure by or to anyone else except as expressly permitted. The Parties and their counsel will maintain Discovery Material produced to them securely, with the same degree of care with which they protect their and their clients' sensitive and confidential materials. In particular, Discovery Materials will be hosted by the Receiving Party in

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 2 of 22

secure systems, encrypted in transit and at rest or subject to appropriate administrative, technical, and physical security measures, with suitable authentication systems.

2. Protected Discovery Material. Any person subject to this Stipulation and Order who produces Discovery Material to any other person (the "Producing Party") may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any Discovery Material that it believes in good faith contains legally protectable information in accordance with Fed. R. Civ. P. 26 or other applicable law ("Protected Discovery Material"). For purposes of this Stipulation and Order, information considered to be Protected Discovery Material shall include, without limitation, all non-public materials containing information related to: financial or business plans or projections; proposed strategic transactions or other business combinations; trade secrets; confidential, proprietary, or commercially sensitive business information; business and marketing plans and strategies; studies or analyses by internal or outside experts; financial or tax data; competitive analyses; costs of goods and services; personnel records and information; development and planning; financial results or data; customer information, including financial and business information; or other personally sensitive, proprietary, or protected information. The Producing Party may designate as "Confidential" any portion(s) of such material that contains non-public, sensitive, proprietary, or confidential information, qualifying for protection under Federal Rule of Civil Procedure 26(c) or other applicable law. The Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any portion(s) of such material that the Producing Party believes in good faith cannot be disclosed to another Party or third-party without creating a substantial risk of harm to the business or competitive position of the Producing Party.

3. In the event that any Producing Party believes that the confidentiality protections of this Stipulation and Order are not sufficient to allow for the production of any material, the

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 3 of 22

Parties will meet and confer to discuss the specific material at issue and how to facilitate production. If the Parties are unable to come to an agreement, the Producing Party shall promptly seek relief from the Court as to the permissible disclosure and treatment of such material. All Discovery Material designated as Protected Discovery Material shall be handled in strict accordance with the terms of this Stipulation and Order.

4. Limitation on Use. Protected Discovery Material, or information or documents derived therefrom, shall be used solely for purposes of the Action and any appeals of the Action. Protected Discovery Material, or information or documents derived therefrom, shall not be used for any other purpose, including, without limitation, in any manner whatsoever in another case, litigation, proceeding or activity, and/or for any business, commercial or competitive purpose; however, the Parties agree that this Protective Order shall not preclude the Parties from disclosing Protected Discovery Material to governmental or regulatory bodies as required by law, provided that at least ten (10) business days prior to any such disclosure, notice to all Producing Parties whose Protected Discovery Materials may be disclosed must be informed in writing and provided the opportunity to intervene and object, as necessary. In addition to the restrictions and limitations detailed herein, the Parties agree that all governmental and regulatory bodies that are provided Protected Discovery Material must be advised of the Protective Order, and that reasonable steps must be taken by the disclosing Party to secure assurances that such third parties will preserve the confidential nature of such materials.

5. Designation of Confidentiality. The designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 4 of 22

a. In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to all pages of any document containing such Protected Discovery Material, except that in the case of multipage documents bound together by staple or other permanent binding, or individual native electronic files such as excel documents, such designation need only be made on the first page or slip sheet, as applicable, for the entire document to be treated as Protected Discovery Material. Any such designation shall subject the document, its contents, or any portion thereof, to this Stipulation and Order without any further act on the part of the Producing Party. The failure of a Producing Party to designate a document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order.

b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel for the designating party to all Parties after receiving a copy of the final transcript thereof; and, when possible, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and/or all portions of the original and all copies of the transcript containing any Protected Discovery Material. The Parties may modify this procedure for any particular

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 5 of 22

deposition, through agreement on the record at such deposition or by written agreement of the Parties, without further order of the Court.

6. Production by Non-Parties. Once entered, any Party issuing a subpoena to a non-party will enclose a copy of this Order and notify the non-party that the protections of this Stipulation are available to such non-party. Any Party that issued a subpoena to a non-party prior to entry of this Order shall, upon this Order's entry, promptly provide such non-party a copy of this Order and notify the non-party that the protections of this Stipulation are available to such non-party. If any non-party in receipt of a request or subpoena requesting documents or tangible things believes in good faith that the requested documents or tangible things contain Protected Discovery Material, the non-party may designate such material as Protected Discovery Material in accordance with the procedures set forth in Paragraph 5 of this Stipulation and Order. Protected Discovery Material designated by a non-party, including copies, excerpts, and summaries thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order. Any non-party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-party's claim of confidentiality. In addition, the Parties may designate as Protected Discovery Material documents and electronically stored information produced by non-parties. Designations of non-party documents will be made as soon as reasonably practicable, but not later than thirty (30) days after receipt of such documents or information. Designations of third-party documents as Protected Discovery Material will be memorialized in a writing that lists the Bates numbers or other identifying characteristics of the designated document or information, and, if less than an entire document or file is designated, a description of the

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 6 of 22

designated portions of the document and the basis for the designation, with sufficient detail that an objecting party can determine what is at issue.

7. Disclosure of "Confidential" Discovery Material. Protected Discovery Material designated as "Confidential" shall not be disclosed to any person without the prior written consent of the Producing Party or an order of the Court, except the following:

a. Outside counsel who represent Parties that have appeared in the Action, and regular and temporary employees of such counsel (such as other lawyers, clerical, paralegal, or administrative personnel) necessary to assist in the conduct of the Action for use in accordance with this Stipulation and Order;

b. In-house counsel of FM who either have responsibility for making decisions dealing directly with the litigation of this Action or who are assisting outside counsel in the litigation of this Action, or, to the extent deemed reasonably necessary by counsel of record for Plaintiff for the purpose of assisting in the conduct of the Action, in-house counsel of Olympus Power, LLC who either have responsibility for making decisions dealing directly with the litigation of this Action or who are assisting outside counsel in the litigation of this Action;

c. Employees of FM who are assisting outside counsel in the litigation of this Action, or, to the extent deemed reasonably necessary by counsel of record for Plaintiff for the purpose of assisting in the conduct of the Action, employees of Olympus Power, LLC who are assisting outside counsel in the litigation of this Action;

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 7 of 22

d. Experts, contractors, or consultants retained by outside counsel or the Parties or designated as expert witnesses in the Action and deemed necessary to assist outside counsel for the Parties in the litigation of this Action;

e. The Court and its personnel;

f. Deposition or trial witnesses in the Action;

g. Stenographers, videographers, or other persons preparing transcripts of testimony in connection with the Action;

h. Members of data entry, data processing, or computer imaging firms employed by either the Parties or outside counsel for the Parties to assist in the development or use of data retrieval systems or computer imaging of documents in connection with this Action;

i. Employees of copy services or litigation support vendors utilized with respect to this Action;

j. Authors and recipients of, and anyone copied on, the relevant Protected Discovery Material;

k. Any mediator, arbitrator, special discovery master, or provider of alternative dispute resolution services retained by the Parties in connection with the Action; and

l. Any other person only upon order of the Court or upon stipulation of the Producing Party.

8. Disclosure of "Highly Confidential – Attorneys' Eyes Only" Discovery Material. Protected Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed to any other person without the prior written consent of the Producing Party or an

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 8 of 22

order of the Court, except for those individuals designated in Paragraphs 7(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), and (l) above.

9. Undertaking Forms. As to non-Party persons designated in Paragraphs 7(b), 7(c), 7(d), 7(f), 7(k), and 7(l), no disclosure of Protected Discovery Material, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-party, shall be made to any person until such person has been provided with and executed a copy of the Undertaking Form attached hereto as Exhibit A. Each executed Undertaking Form shall be retained by outside counsel for the Parties so that it may be shown to counsel for the Producing Party upon request.

10. Retaining Protected Discovery Material in a Secure Manner. All Parties, their counsel, and all persons designated in Paragraphs 7 or 8 who obtain Protected Discovery Material shall take all necessary and appropriate measures to maintain the confidentiality of the Protected Discovery Material, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

11. Procedure for Filing with the Court. All Protected Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Protected Discovery Material, will be filed under seal with the Clerk of the Court consistent with Rule IX of Judge Karas's Individual Rules of Practice governing Sealed Filings.

12. Effect on Discovery and Other Matters. This Stipulation and Order has been agreed to by the Parties to facilitate formal and/or informal discovery and the production of information in this Action. Neither the entry of this Order, nor the designation of any information, document or the like as Protected Discovery Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in this Action. Moreover, entering into, agreeing to,

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 9 of 22

and/or producing or receiving Protected Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

a. Enlarge or affect the proper scope of discovery in this Action, nor imply that Protected Discovery Material designated as such under the terms of this Stipulation and Order is properly discoverable, relevant, or admissible in this Action or in any other litigation;

b. Operate as an admission by any Party that any particular Protected Discovery Material contains or reflects trade secrets or any other type of confidential information;

c. Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Protected Discovery Material;

d. Prejudice in any way the rights of the Parties to object to the production of such information or documents if protected by attorney-client privilege, work product doctrine, or other protections that the Parties wish to preserve and in no way waive through production in this Action, or prejudice in any way the rights of the Parties to object to the production of similar information or documents in this Action if protected by the attorney-client privilege, work product doctrine, or other protections;

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 10 of 22

e. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

f. Prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material or Protected Discovery Material should be subject to the terms of this Stipulation and Order;

g. Prejudice in any way the rights of a Party to petition the Court for an additional protective order relating to any purportedly confidential or sensitive information; or

h. Prevent the Parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

13. Own Use. This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use of its own Protected Discovery Material for any purpose. Nothing in this Stipulation and Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Protected Discovery Material in any way it sees fit or to so use or discuss that material for any reason. Any such use or discussion of Protected Discovery Material shall not be deemed a waiver of the terms of this Stipulation and Order. Additionally, nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential or Highly Confidential – Attorneys' Eyes Only obtained lawfully by such Party independently of the formal and informal discovery proceedings in the Action or other exchange of information under this Stipulation and Order.

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 11 of 22

14. Restrictions on the Use of Artificial Intelligence. The Parties agree that a Party may use artificial intelligence software and services (together, an "AI Model") to aid in the processing, review, and analysis of Protected Discovery Material in this litigation, provided that any such AI Model must protect the confidentiality of the information as required by this Stipulation and Order. The Parties expressly agree that no Party will submit any Protected Discovery Material to an AI Model that is open or available to the public, including ChatGPT and similar tools. The Parties further expressly agree that no Party will submit Protected Discovery Material to any proprietary or closed AI Model unless it first ensures that the AI Model will not learn from, be trained on, or otherwise incorporate the Protected Discovery Material for any purpose other than the prosecution or defense of this litigation. Before a Party submits Protected Discovery Material received pursuant to this Stipulation and Order to an AI Model in compliance with this paragraph, the Party shall make certain that such Protected Discovery Material will not be accessible to unauthorized persons.

15. Unauthorized Access & Data Breach Notice Requirements. If a Receiving Party or authorized recipient, as designated in Paragraphs 7 or 8, engaged by a Receiving Party discovers any loss of Protected Discovery Material or a breach of security, including any actual or suspected unauthorized access, relating to a Producing Party's Confidential Information or Highly Confidential – Attorneys' Eyes Only information, the Receiving Party or authorized recipient shall: (1) promptly provide written notice to the Producing Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach; (3) take reasonable and appropriate steps to make sure the breach will not recur, and provide the Producing Party with assurances reasonably satisfactory to the Producing Party that such breach shall not recur; and (4) provide sufficient information about the breach that the Producing Party can reasonably ascertain

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 12 of 22

the size and scope of the breach. The Receiving Party or authorized recipient agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access. In the event of a data breach, any private forensic investigator or forensic auditor hired by the Receiving Party to investigate the details of the breach may access Protected Discovery Material to assist with their investigation, provided that the investigator or auditor has agreed to be bound by the provisions of this Stipulation and Order by signing a copy of the Undertaking Form attached hereto as Exhibit A. Nothing herein shall constitute a waiver of legal rights and defenses regarding the protection of information from unauthorized disclosure, including in the event of litigation arising out of the Receiving Party's failure to appropriately protect Protected Discovery Material from unauthorized disclosure.

16. Clawback Requests and Non-Waiver of Privileged Information. Pursuant to Federal Rule of Evidence 502(d), the Parties agree that the production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Information"), whether inadvertent or otherwise and irrespective of whether designated Protected Discovery Material under this Protective Order, shall not be deemed a waiver of any applicable privilege or protection; provided, however, that the parties agree that nothing in this Order is intended to modify the applicable law concerning the scope and application of the selective disclosure waiver doctrine. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and other applicable laws and regulations. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced. Any party receiving materials

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 13 of 22

that reasonably appear to be privileged information shall provide prompt notice to the Producing Party to afford an opportunity to request return of the materials as set forth below. In the event that material considered by the Producing Party to be Privileged Information is produced, the following "claw back" procedures shall apply:

a. If a Producing Party discovers that it has produced material considered by the Producing Party to be Privileged Information, whether via notification by a Receiving Party or independently, the Producing Party shall, within ten (10) business days of such discovery, request in writing that the Receiving Party immediately destroy or return the documents in question, identifying the materials that contain the Privileged Information to be destroyed or returned and stating the basis for the claim of privilege or protection (a "Clawback Request").

b. Upon receiving a Clawback Request, the Receiving Party (irrespective of whether it agrees with the claim of privilege or protection) will immediately sequester, return, delete or destroy all copies of such produced Privileged Information, and the Receiving Party will make no further use or disclosure of the Privileged Information, except as necessary to meet and confer with the Producing Party regarding the claimed privilege or protection and/or to present information to the Court for a determination regarding the claimed privilege or protection under the dispute resolution procedure as described in subsection (c). If the Receiving Party disclosed Privileged Information to others before receiving notification of its privileged status, the Receiving Party must take all necessary and reasonable steps to secure the return and/or sequestering of any

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 14 of 22

such Privileged Information, and such disclosure will not operate as a waiver of any privilege or protections afforded to Privileged Information, in this or any other proceeding.

c. If the Receiving Party disagrees with the claim of privilege or protection made in the Clawback Request, within ten (10) business days of the Receiving Party's receipt of the Clawback Request, the Parties shall meet and confer. In the event the Parties cannot reach agreement, the Producing Party shall seek relief from the Court within ten (10) business days of the meet and confer session. While the disagreement remains unresolved, the Receiving Party must adhere to the requirements in subsection (b) of this paragraph. Nothing herein is intended to shift or modify any burden of proof with respect to the privileged or protected nature of the documents at issue.

17. Privilege Logs. The Parties will act in good faith to timely produce privilege logs. All privilege logs will contain information sufficient to individually identify the documents or information withheld or redacted and the basis of the asserted claim of privilege or protection, with sufficient detail that an opposing Party or the Court could make a cogent evaluation of whether the assertion of the privilege or protection was valid. The Parties may create a single entry in a privilege log for an email family withheld on the basis of privilege or protection, so long as the privilege applies to each attachment and the relevant entry lists the recipients of the parent email chain and identifies that the document includes attachments. The Parties will not be required to reflect in any privilege log any documents to or from outside counsel representing the Parties in the Action created on or after December 4, 2025. Nothing in this Stipulation and Order will prevent

a Party from challenging the assertion of privilege or other protection with respect to any documents or electronically stored information subject to discovery in this case.

18. Joinder of Additional Parties. In the event additional parties join or are joined in this Action, they shall not have access to Protected Discovery Material until the newly joined party by its counsel has executed the Undertaking Form attached hereto as Exhibit A, and, at the request of any Party, moved the Court for its participation in this Stipulation and Order and review of Protected Discovery Material. The Parties reserve the right to object to a joining or joined additional party's participation in this Stipulation and Order and review of Protected Discovery Material and/or to request modification of this Stipulation and Order to ensure adequate protections with respect to any joining or joined additional party.

19. Use at Trial. It is the present intention of the Parties that the provisions of this Stipulation and Order shall govern discovery and any pre-trial events in the Action and that the Parties will reach further agreement concerning the use of Protected Discovery Material at trial of the Action, subject to the approval of the Court.

20. Amendment or Modification. Each of the Parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other Parties hereto for good cause.

21. Confidentiality Agreement. The Parties agree to be contractually bound by the terms of this Stipulation and Order as a confidentiality agreement prior to submission to the Court and while pending entry by the Court of this Stipulation and Order, or an alternative thereto that is satisfactory to all Parties and the Court.

22. Termination. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and

after the conclusion of the Action, including, without limitation, any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Protected Discovery Material is permitted to be used, all persons having received Protected Discovery Material shall return or destroy such Protected Discovery Material, including summaries and excerpts of such Protected Discovery Material; provided however, that to the extent any Party is required by law, internal policies and procedures, government or regulatory requirement, contract, or other requirement to maintain copies of documents related to this Action, including Protected Discovery Material, such Party shall maintain such Protected Discovery Material to the extent necessary to fulfill such requirements while continuing to maintain the confidentiality of such Protected Discovery Material under the terms of this Stipulation and Order. Such materials are intended to retain their confidentiality after the claims in this Action have been finally determined between the Parties. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any Protected Discovery Material for archival purposes only. Any such archived copies that contain or constitute Protected Discovery Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. This provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 17 of 22

disaster recovery purposes, provided that such electronic archives are not used as reference materials for a receiving Party's business operations.

23. Dispute Resolution. During the pendency of the Action, any Party objecting to the designation of any Discovery Material or testimony as Protected Discovery Material may, after making a good faith effort to resolve any such objection with the Producing Party, move on reasonable notice for an order vacating the designation consistent with Judge Karas's Individual Rules of Practice. While such application is pending, the Discovery Material in question shall be treated as Protected Discovery Material pursuant to this Stipulation and Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

24. Third Party Requests for Information. If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which the Receiving Party is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking material which was produced or designated as Protected Discovery Material in this Action by someone other than the Receiving Party, the Receiving Party shall give prompt written notice at the earliest possible time of receipt of such subpoena, demand, or legal process, to those who produced or designated the Protected Discovery Material. The Receiving Party shall also respond to the subpoena, demand, or legal process by setting forth the existence of this Stipulation and Order and shall cooperate with the Producing Party so that the Producing Party can appear and object to production and in no event shall ever provide any documents prior to giving written notice to the Producing Party. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Protected Discovery Material covered by this Stipulation and Order, or to subject

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 18 of 22

himself, herself, or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

25. Court Retains Jurisdiction. This Stipulation and Order shall survive the final conclusion of this Action and the Court shall maintain jurisdiction to enforce this Stipulation and Order. All persons receiving or given access to Protected Discovery Material in accordance with the terms of this Stipulation and Order consent to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order and remedying any violations thereof.

The Parties agree that money damages would not be a sufficient remedy for any breach of this Stipulation and Order, and, in the case of a breach of this Stipulation and Order, the Parties shall be entitled to enforce this Agreement by injunctive relief for specific performance only.

Dated: July 27, 2026
New York, New York

APPROVED AND AGREED TO:

/s/ *Alexander M. Sugzda*
Alexander M. Sugzda
Robin L. Cohen
COHEN ZIFFER FRENCHMAN & MCKENNA LLP
1325 Avenue of the Americas
New York, New York 10019
Tel: (212) 584-1890
asugzda@cohenziffer.com
rcohen@cohenziffer.com

*Attorneys for Plaintiff*
*Cricket Valley Energy Center, LLC*

APPROVED AND AGREED TO:

/s/ *Kelly A. Librera*
Kelly A. Librera
Adam P. Moskowitz
WINSTON TAYLOR LLP
200 Park Avenue
New York, New York 10166
Tel.: (212) 294-6700
Fax: (212) 294-4700
kelly.librera@winstontaylor.com
adam.moskowitz@winstontaylor.com

*Attorneys for Defendant*
*Factory Mutual Insurance Company*

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 19 of 22

SO ORDERED.

Dated: July 27, 2026

White Plains, New York

HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 20 of 22

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CRICKET VALLEY ENERGY CENTER, LLC,

Plaintiff,

v.

FACTORY MUTUAL INSURANCE COMPANY,

Defendant.

Civil Action No.: 7:25-cv-10101-KMK

**UNDERTAKING REQUIRED BY STIPULATION AND PROTECTIVE ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL**

I, ______________________________, state that:

1. My address is: ______________________________________________

2. My present employer is: _______________________________________

3. My present occupation is: _____________________________________

4. I received a copy of the Stipulation and Order Governing the Protection and Exchange of Confidential Material (the "Stipulation and Order") entered in the above-captioned action on: ______________________________

5. I have carefully read and understand the provisions of the Stipulation and Order.

6. I will comply with all of the provisions of the Stipulation and Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Order, and will only use for purposes of this action, any Protected Discovery Material disclosed to me.

8. Upon notification from counsel, I will destroy all Protected Discovery Material that comes into my possession.

Case 7:25-cv-10101-KMK Document 23 Filed 07/27/26 Page 22 of 22

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Order in this Action.

______________________________

Name:

Date: